UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
OMOWALE GEORGE,                                                      :      05 CV 2199 (ARR)
                                                                     :
                                   Petitioner,                       :      NOT FOR
                                                                     :      ELECTRONIC OR PRINT
          -against-                                                  :      PUBLICATION
                                                                     :
J. BERBARY, Superintendent,                                          :      MEMORANDUM AND
                                                                     :      ORDER
                                   Respondent.                       :
                                                                     :
-------------------------------------------------------------------- X
ROSS, United States District Judge:

By order dated July 18, 2007, the court, sua sponte, ordered petitioner Omowale George to show cause why his petition should not be dismissed as time-barred for failure to return to federal court in a timely fashion following the Appellate Division's denial of his coram nobis petition. In the order, the court noted that petitioner's coram nobis petition was denied by the Appellate Division on November 28, 2005, see People v. George, 804 N.Y.S.2d 272, 272 (N.Y. App. Div. 2d Dep't 2005), and that it appeared that petitioner had not sought leave to appeal to the Court of Appeals nor returned to federal court to proceed with his habeas petition. By letter dated August 22, 2007, petitioner explains that he did not know that he could appeal the Appellate Division's decision and requests additional time to seek leave to appeal. By letter dated September 9, 2007, petitioner claims that the Court of Appeals has granted him leave to appeal and attaches a letter from the Court of Appeals. Respondent opposes petitioner's application for an extension of time and asks the court to dismiss the petition. For the reasons stated below, the court dismisses the instant petition as time-barred.

Petitioner's letters fail to provide any explanation as to why he did not return to this court following the Appellate Division's denial of his coram nobis petition. This court's July 29, 2005 order expressly conditioned the stay on petitioner filing a petition for a writ of error coram nobis within 30 days of the date of the order and returning to federal court to proceed with his petition for a writ of habeas corpus within 30 days of exhausting his claim. See Zavela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001). The court also warned petitioner that he might be barred from proceeding in this court if, having been denied relief in state court, he delayed in seeking to reopen these proceedings. Even if petitioner was not aware that he could file an application for leave to appeal the Appellate Division's decision, that circumstance would not affect his ability to timely inform the court of the disposition of the coram nobis petition and request to proceed with his habeas petition.

Petitioner has also failed to show that an extension of the stay is appropriate in order to enable him to file an application for leave to appeal to the Court of Appeals. Contrary to petitioner's assertion, the letter he received from the Court of Appeals does not grant him leave to appeal but rather sets forth the procedural requirements for requesting an extension of time to seek leave to appeal and for filing an application for leave to appeal. The letter informs petitioner that applications for leave to appeal must be made within 30 days after service of the order he is seeking to appeal and, while he may apply for an extension of time to file his application, N.Y. C.P.L. § 460.30 requires that such motions must be made within one year. The Appellate Division denied petitioner's coram nobis petition on November 28, 2005, and he did not write his initial letter to the Court of Appeals seeking to appeal that order until August 22,

2007. Therefore, it appears clear that petitioner is now barred from appealing that decision and that an extension of the stay would serve no purpose.

In light of petitioner's failure to return to federal court in a timely fashion after seeking to exhaust his state court remedies, the court vacates the stay nunc pro tunc as of August 4, 2005, the date the stay was entered. See Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001). Accordingly, the court includes the time between August 4, 2005 and petitioner's return to federal court on August 22, 2007 in calculating whether the petition complies with the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner's conviction became final on May 26, 2004 and he filed his habeas petition on April 21, 2005, leaving him with only 35 days left on the statute of limitations. Thus, the instant petition is time-barred unless petitioner demonstrates circumstances warranting statutory or equitable tolling of the statute of limitations.

AEDPA provides for the one-year limitation period to be tolled while state post-conviction motions are pending. 28 U.S.C. § 2244(d)(2). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz 199 F.3d 116, 120 (2d Cir. 1999), aff'd on other grounds, 531 U.S. 4 (2000). As petitioner did not seek leave to appeal the Appellate Division's denial of his coram nobis petition and cannot now do so, his coram nobis petition was pending for federal habeas purposes from the date it was filed in the Appellate Division until the date that his time to appeal expired. Allowing 5 days for mailing of the order plus 30 days for seeking leave to appeal, his time to appeal expired on January 3, 2006, meaning that he has exceeded the one-year statute of limitations by approximately 18 months.

In "rare and exceptional" circumstances, AEDPA's one-year statute of limitations is subject to equitable tolling. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000); see also Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). To benefit from equitable tolling, a petitioner must demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time" and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17. Petitioner argues that time should be equitably tolled because:

> [A]s a layman in Judicial Proceedings, I had no knowledge that I could appeal the decision of the Appellate Division, Second Department, December 05, 2005. I had no knowledge that I could have appealed since I was not notified by the Appellate Division nor the District Attorney's office. I was not aware until I was informed by you that I could appeal. I simply thought that the U.S. District Judge would take into consideration that I filed the error coram nobis and allow me to proceed with the writ for habeas corpus petition.

(Pet.'r 9/22/07 Ltr., at 1). While the court is sympathetic to Mr. George's pro se status, his lack of representation and ignorance of appeal procedures are not extraordinary circumstances that justify equitable tolling of the statute of limitations. See Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir. 2000) (pro se status does not merit equitable tolling); Guman v. Payant, No. 06 Civ. 6315, 2007 U.S. Dist. LEXIS 8456 (E.D.N.Y. Feb. 6, 2007) (lack of awareness of right to appeal does not toll the statute of limitations); Worsham v. West, No. 05 Civ. 530, 2006 WL 2462626, *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases"); Doyle v. Yelich, 05 Civ. 2750, 2005 U.S. Dist. LEXIS 22758, at *5 (E.D.N.Y. Oct. 7, 2005) ("A petitioner's pro se status and ignorance of the law do not warrant equitable tolling"); see also Edwards v. INS, 59 F.3d 5 (2d Cir. 1995) ("pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them"). Accordingly, petitioner has failed to demonstrate any

4

extraordinary circumstances or reasonable diligence that would warrant equitable tolling of AEDPA's limitations period.

## CONCLUSION

For the reasons stated above, the court vacates the stay ordered by the court on July 29, 2005 nunc pro tunc as of August 4, 2005. Because petitioner has failed to demonstrate that the AEDPA statute of limitations should be tolled for statutory or equitable reasons, the instant petition is dismissed as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997).

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

s/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: September 18, 2007
Brooklyn, New York

SERVICE LIST:

*Pro Se* Petitioner

Omowale George
01R3292
Collins Correctional Fac.
PO Box 340
Collins, NY 14034-0340


Attorney for Respondent

Jodi Lynne Mandel
Kings County District Attorney
350 Jay Street
20th Floor
Brooklyn, NY 11201